UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DAVID JOHN CHENOWETH,<br><br>Plaintiff,<br>v.<br><br>STATE OF WASHINGTON,<br><br>Defendant. | CASE NO. 3:25-cv-05485-TSZ-GJL<br><br>ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

Plaintiff Michael D. J. Chenoweth, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Dkt. 7-2. Having reviewed and screened Plaintiff's proposed Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim but provides Plaintiff leave to file an amended pleading by **September 22, 2025**, to cure the deficiencies identified herein.

I. BACKGROUND

Plaintiff, who is currently located at the Stafford Creek Corrections Center ("SCCC"), alleges the Ellensburg police department entered his property without a warrant and destroyed his trailer. Dkt. 7-2 at 4–6. Seemingly connected to this incident, Plaintiff claims discrimination,

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND - 1

and that he was denied his right to property, a right to an attorney, and a right to appeal. *Id*. It is unclear whether this incident occurred during the course of Plaintiff's arrest. *Id*. Finally, Plaintiff provides no timeline for the occurrence of these events. *Id*.

## II.    DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff's proposed Complaint suffers from deficiencies that require dismissal if not corrected in an amended complaint.

### A.    Improper Defendant

Plaintiff names the State of Washington as the sole Defendant. Dkt. 7-2. The State of Washington is not a proper defendant in a § 1983 case. A claim under § 1983 may only be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. However, for the purposes of § 1983, a state is not a "person." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, an

entity that is an arm of the state is also not a "person" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment).

Additionally, the Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent, and there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). "State agencies are similarly immune." *Spokane Cty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp. Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008).

In sum, the State of Washington cannot be sued under § 1983 and is an improper defendant in this case.

**B.    Failure to State a Claim**

The Court also finds Plaintiff has failed to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, the proposed Complaint does not contain a short, plain statement showing Plaintiff is entitled to relief. Dkt. 7-2. Plaintiff does not provide factual allegations explaining how his rights were violated and the alleged wrong-doing of any defendant. Rather, Plaintiff provides vague,

conclusory statements that do not adequately explain the facts of this case or the rights allegedly violated. In sum, Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show what happened, when it happened, who was involved, and how those acts violated his rights. As such, Plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief.

To proceed with this lawsuit, Plaintiff must file an amended complaint. The amended complaint must include a short, plain statement clearly stating the factual allegations supporting his claims and provide clarity regarding what claims he is attempting to bring in this lawsuit. If Plaintiff wishes to pursue this § 1983 action, the short, plain statement must explain exactly what each defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

### III.     Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court **WILL NOT SERVE** Plaintiff's proposed Complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he **MUST FILE** an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same

case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **September 22, 2025**, the undersigned **WILL RECOMMEND DISMISSAL** of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Finally, the Clerk is directed to **RE-NOTE** the Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 7) for consideration on **September 22, 2025**.

Dated this 22nd day of August, 2025.

Grady J. Leupold
United States Magistrate Judge