UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DAVID JOHN CHENOWETH,

    Plaintiff,

v.

STATE OF WASHINGTON,

    Defendant.

CASE NO. 3:25-cv-05485-TSZ-GJL

ORDER ON MOTION

This case has been referred to the Court by the District Court. On June 2, 2025, Plaintiff Michael D.J. Chenoweth, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Dkt. 1. After being informed of his filing deficiencies related to the filing of a motion to proceed *In Forma Pauperis* ("IFP") or payment of the filing fee, Plaintiff filed an IFP Motion and Proposed Complaint on August 8, 2025. *See* Dkt. 7, 7-1. On August 22, 2025, the Court screened the Proposed Complaint and issued an Order declining to serve the Proposed Complaint and granting leave to file an amended pleading by September 22, 2025. *See* Dkt. 9. Rather than file an amended pleading, on August 29, 2025, Plaintiff filed a Motion that states, in full, "Request for temporary release and 6 months extension of time to amend?" Dkt. 12.

ORDER ON MOTION - 1

For the reasons set forth below, Plaintiff's request for temporary release (Dkt. 12) is **DENIED** and Plaintiff's request for an extension of time to file an amended complaint (Dkt. 12) is **GRANTED**.

## I.     DISCUSSION

**A.     Motion for Temporary Release (Dkt. 12)**

Plaintiff, a state prisoner currently located at the Stafford Creek Corrections Center ("SCCC"), requests a "temporary release" in his Motion. Dkt. 12. Plaintiff cites no authority for this request, nor does he provide any reason for the need for temporary release from his confinement in state prison.

Under Washington state law, the sole authority to grant temporary release to a state prisoner vests with the Washington Department of Corrections ("DOC"). *See* RCW 72.66.012 ("The secretary [of DOC] may grant a furlough"); *see also In re Cage*, 181 Wash. App. 588, 594 (Wash. Ct. App. 2014) (DOC, not a trial court, has the exclusive authority to release prisoners for furlough). As such, this Court does not have the authority to grant Plaintiff's request here for temporary release. The Motion for temporary release (Dkt. 12) is **DENIED**.

**B.     Motion for Extension of Time to File Amended Complaint (Dkt. 12)**

Plaintiff has also requested a six-month extension of time to file an amended complaint. Dkt. 12. Upon consideration of this request, the Court finds Plaintiff has not demonstrated good cause for a six-month extension of time to file an amended complaint. However, in the interest of justice to this *pro se* Plaintiff, the Court will **GRANT** Plaintiff leave to file an amended complaint within **thirty days** of the date of this Order.

The Court further notes the following with respect to filing an amended complaint. Plaintiff's amended complaint shall include a short, plain statement telling the Court: (1) the

constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Additionally, Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement.

Finally, the Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

## II.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) The Motion for temporary release (Dkt. 12) is **DENIED**.

(2) The Motion for an extension of time to file an amended complaint (Dkt. 12) is **GRANTED**. Plaintiff shall file an amended complaint on or before **November 7, 2025**. If Plaintiff fails to file an amended complaint on or before **November 7, 2025**, the undersigned **WILL RECOMMEND DISMISSAL** of this action. Further, the Court will not grant further extensions of time for leave to file an amended complaint absent extraordinary circumstances.

1  (3) The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.
2  § 1983 civil rights complaint and for service.
3  (4) As a prisoner incarcerated at SCCC, Plaintiff is required to participate in the
4  Prisoner E-Filing Initiative pursuant to General Order 06-16. As such, Plaintiff
5  must comply by submitting all future documents to be filed with this Court to the
6  SCCC law librarian/designee for electronic filing. The Clerk of Court shall not
7  accept for filing any future documents submitted by Plaintiff through the U.S.
8  Postal Service, and the Clerk of Court is directed to **RETURN** any such
9  documents to Plaintiff without accepting them for filing.
10 (5) The Clerk of Court is directed to **RE-NOTE** the Motion for Leave to Proceed *In*
11 *Forma Pauperis* (Dkt. 7) for consideration on **November 7, 2025**.

Dated this 6th day of October, 2025.

Grady J. Leupold
United States Magistrate Judge